UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 17-cr-0294 (WMW/TNL) |
| Plaintiff, | **ORDER** |
| v. | |
| Fausto De Los Santos Garcia (3), | |
| Defendant. | |

---

This matter is before the Court on Defendant Fausto De Los Santos Garcia's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Dkt. 292.) Plaintiff United States of America opposes the motion. Because De Los Santos Garcia's motion is untimely and he has not established a basis for equitably tolling the statutory deadline, the motion is denied.

## BACKGROUND

De Los Santos Garcia pleaded guilty in April 2019 to one count of conspiring to possess with intent to distribute cocaine, and this Court sentenced him to 180 months' imprisonment in August 2019. De Los Santos Garcia appealed, and the United States Court of Appeals for the Eighth Circuit dismissed the appeal on December 4, 2019, for lack of jurisdiction.

In a motion dated October 19, 2021, De Los Santos Garcia moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Because De Los Santos Garcia's Section 2255 motion is untimely, the Court ordered him to show cause why the motion

should not be dismissed.  In response, De Los Santos Garcia argues that the Court should apply the doctrine of equitable tolling and accept his untimely motion.  The United States disagrees and seeks dismissal of the motion.

## ANALYSIS

A Section 2255 motion to vacate a conviction or sentence must be filed within one year after a judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  Here, it is undisputed that De Los Santos Garcia's Section 2255 motion is untimely.

The limitations period in Section 2255 "is not jurisdictional and is therefore subject to the doctrine of equitable tolling." *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)).  "Equitable tolling is an extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (internal quotation marks omitted).  A district court may grant an extension of time to file a Section 2255 motion *only* if the defendant demonstrates that " 'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001).  Equitable tolling is available only if a defendant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Chachanko*, 935 F.3d at 629 (internal quotation marks omitted).  The extraordinary circumstances must be circumstances beyond the defendant's control. *See, e.g.*, *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

De Los Santos Garcia persists in his previous assertion that extraordinary circumstances exist because his attorney "abandoned" him and has not answered calls or letters since the sentencing occurred. "An attorney's negligence or mistake is not generally an extraordinary circumstance, however serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling." *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013) (internal quotation marks omitted). De Los Santos Garcia does not allege that his attorney promised to file a Section 2255 motion and failed to do so, that his attorney otherwise misled him about whether and when a Section 2255 motion should be filed, or that his attorney withheld critical information necessary to prepare a Section 2255 motion. In response to the Court's order to show cause, De Los Santos Garcia relies on letters reflecting that he and others attempted to contact defense counsel. At best, however, these letters demonstrate attorney negligence, not serious attorney misconduct. *See id.* (concluding that equitable tolling did not apply even though defense counsel failed to respond to the defendant's letters or phone calls). Because the record does not demonstrate that serious attorney misconduct prevented De Los Santos Garcia from filing a timely Section 2255 motion, equitable tolling is not warranted on this basis.

De Los Santos Garcia also persists in arguing that, without the assistance of an attorney, he is unfamiliar with the legal system and did not know about the existence of Section 2255 relief prior to the deadline. The Court is mindful that De Los Santos Garcia has no legal training and lacks proficiency in the English language. But, as the Court

previously explained, an unrepresented prisoner's lack of legal knowledge is not a basis for equitable tolling. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015–16 (8th Cir. 2003). As such, De Los Santos Garcia has not established that equitable tolling is warranted on this basis.

De Los Santos Garcia continues to reference pandemic-related transfers and lockdowns that have impacted his access to legal resources. The Court understands that the COVID-19 pandemic has limited inmates' access to prison law libraries and other resources. But equitable tolling typically is not warranted based on an unrepresented prisoner's lack of access to legal resources. *Muhammad*, 735 F.3d at 815; *accord Cross-Bey*, 322 F.3d at 1015. And De Los Santos Garcia has not established that pandemic-related transfers and lockdowns otherwise prevented him from filing a timely Section 2255 motion. *See, e.g.*, *United States v. Iyamu*, Nos. 18-87(1) ADM/KMM, 21-454 ADM, 2021 WL 2156456, at *3 (D. Minn. May 27, 2021) (observing that "the COVID-19 pandemic has been extraordinary," but the defendant "cannot show that the pandemic and the closure of his prison facility prevented him from filing a § 2255 motion"). De Los Santos Garcia provides few details about the nature or duration of the prison lockdowns or how those circumstances prevented him from filing a timely Section 2255 motion. Most significantly, he maintains that he did not know that Section 2255 relief *existed* until September 2021, which reflects that his lack of knowledge—not prison lockdowns—prevented him from timely filing his motion. As such, De Los Santos Garcia has not established that equitable tolling is warranted on this basis.

In summary, De Los Santos Garcia's Section 2255 motion is untimely, and he has not established that equitable tolling is warranted. Moreover, the United States has not waived its statute-of-limitations defense and, to the contrary, has invoked that defense. Accordingly, De Los Santos Garcia's Section 2255 motion must be dismissed.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Fausto De Los Santos Garcia's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, (Dkt. 292), is **DENIED**.

2. Defendant Fausto De Los Santos Garcia's motion for an extension of time, (Dkt. 293), is **DENIED**.

3. Plaintiff United States of America's motion to dismiss, (Dkt. 297), is **GRANTED**.

4. Defendant Fausto De Los Santos Garcia's motion to preserve evidence, (Dkt. 300), is **DENIED AS MOOT**.

5. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  April 28, 2022                                         s/Wilhelmina M. Wright
                                                               Wilhelmina M. Wright
                                                               United States District Judge