UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 17-CR-00294(3) (JMB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Fausto De Los Santos Garcia, | |
| Defendant. | |

---

This matter is before the Court on Defendant Fausto De Los Santos Garcia's pro se Motion for Reconsideration (Doc. No. 332) in which Garcia asks the Court to reconsider the Court's Order denying his Motion to Reduce Sentence. (Doc. Nos. 328, 331.) For the following reasons, the Court denies Garcia's Motion for Reconsideration.

District of Minnesota Local Rule 7.1(j) prohibits filing a motion to reconsider without leave of court. A party may obtain permission to file a motion to reconsider only by showing that "compelling circumstances" exist. D. Minn. L.R. 7.1(j). Garcia did not ask for the Court's permission to file his present motion. However, because courts liberally construe self-represented litigants' filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will construe Garcia's motion as a letter seeking permission to file a motion for reconsideration.

Garcia avers that this Court erred in finding Garcia ineligible for a sentence reduction due to his criminal history point. Specifically, Garcia contends that the sentencing Court never determined that he had a criminal history point, and that he does

not have a criminal history point. (Doc. No. 332 at 2.) Garcia is incorrect. The presentence investigation report recorded one criminal history point for Garcia resulting from his third degree driving while intoxicated conviction to which Garcia pled guilty on April 8, 2010. (Doc. No. 251 at 12.) At sentencing, Garcia raised no objection to the imposition of a criminal history point for his 2010 conviction. (Doc. No. 270 at 3:25–4:7.) The sentencing Court subsequently adopted all unobjected to factual statements contained within the presentence investigation report as findings of the Court. (*Id.* at 20:20–23.) Therefore, Garcia was ineligible for a sentencing reduction under United States Sentencing Guidelines section 1B1.10(a)(2)(A).

"Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018). Garcia has identified no error of law or fact. Thus, Garcia has not demonstrated the existence of "compelling circumstances" as is necessary to seek reconsideration under Local Rule 7.1(j).

Therefore, IT IS HEREBY ORDERED THAT the Motion for Reconsideration (Doc. No. 332) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 24, 2024                    /s/ *Jeffrey M. Bryan*
                                                                     Judge Jeffrey M. Bryan
                                                                     United States District Court